ELI JACKMAN *vs.* CITY OF GLOUCESTER.

Essex. Nov. 3, 1886. — Jan. 10, 1887. DEVENS, W. ALLEN, & GARDNER, JJ., absent.

A statement, filed in the registry of deeds, by a person claiming a mechanic's lien, and subscribed and sworn to by him, in accordance with the Pub. Sts. *c.* 191, § 6, is not invalidated by the omission of the magistrate by whom the oath was administered to add the title of his office after his signature; and evidence is admissible to show that he held such office at the time he administered the oath.

PETITION to enforce a mechanic's lien for labor performed or furnished, under an entire contract, by the petitioner, on a house for one Crispen, who was acting under a contract with the respondent. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

Several issues of fact were submitted to the jury, the first of which was as follows: " Was the certificate of lien filed within thirty days after Jackman ceased to labor or furnish labor on the building?"

To prove the affirmative, the petitioner introduced in evidence a certified copy of a document on file in the registry of deeds, purporting to be such certificate of lien; but the certificate of the oath of the petitioner on said certificate of lien was as follows: "State of Massachusetts. Essex, ss. Gloucester, July 13, 1885. Then personally appeared the above-named Eli Jackman and made oath that the statement above subscribed by him is true, before me. William A. Pew, Jr."

The respondent objected to the admission of this document, because it did not show that the oath was administered by any magistrate or person legally authorized to administer oaths. The petitioner then offered to prove that said William A. Pew, Jr., who executed said certificate of the oath of the petitioner, was, at the date of the same, a justice of the peace for said county. To this the respondent objected, but the objection was overruled, and the respondent admitted that said William A. Pew, Jr. was, at the time of making said certificate, a justice of the peace for said county.

The above issue was submitted to the jury, who found that the certificate of lien was filed by the petitioner within thirty days after he ceased to labor or furnish labor in said building; and, on the whole case, the judge found the lien to be established. The respondent alleged exceptions.

*M. J. McNeirny*, for the respondent.

*W. A. Pew, Jr.*, for the petitioner.

FIELD, J. The Pub. Sts. *c.* 191, § 6, provide that the statement of the just and true account which the person claiming a lien must file in the registry of deeds "shall be subscribed and sworn to by the person claiming the lien, or by some one in his behalf." The statement filed by the petitioner was subscribed by him, and sworn to before a justice of the peace, and a certificate of the oath was attached to the statement by the justice, who subscribed his name, but did not add the title of his office. We think that this omission did not render the filing of the statement void, and that the fact that the person by whom the oath was administered was authorized to administer it may be proved by evidence. There is nothing in the statute that in terms requires any certificate of the oath, although the statute, construed with reference to well-known usages, undoubtedly implies that the statement shall have a jurat attached. Affidavits and depositions, lawfully taken by a person authorized to take them, are not to be treated as unsworn statements because the magistrate has not added to the certificate signed by him the name of his office. Courts permit the certificate to be amended, or, without an amendment, admit evidence of the authority of the person by whom they were taken, if they do not take judicial notice of it. In this case, if the statement appeared on its

face to have been sworn to, we think that it could be filed; and if, in fact, it was sworn to before a person authorized to administer an oath, we think that there was a compliance with the statute. See *Hitchings* v. *Ellis*, 1 Allen, 475; *McKinney* v. *Wilson*, 133 Mass. 131; *Hunter* v. *Le Conte*, 6 Cowen, 728; *People* v. *Rensselaer Common Pleas*, 6 Wend. 543.

*Exceptions overruled.*