CARROLL HUNNEWELL, INC. *vs.* SOUTHBORO CONSTRUCTION
CORP. & others.

Suffolk.    February 7, 1962. — February 21, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Public Works.    Jurat.*

A statement of claim under G. L. c. 149, § 29, signed in behalf of a cor-
poration by its treasurer and in fact sworn to by the treasurer before a
notary was a "sworn statement" within the statute notwithstanding that
in the jurat signed by the notary a person other than the treasurer was
named as the affiant because the jurat had been prepared in advance
on the assumption that such other person would sign and swear to the
statement and by inadvertence the name of the affiant had not been
corrected.

BILL IN EQUITY, filed in the Superior Court on March 20,
1959.

The suit was heard by *Macaulay,* J., on a master's report.
The case was submitted on briefs.

*Tanous J. Thomas,* for the defendants Joseph Rugo, Inc.
and others.

*Bernard P. Rome,* for the plaintiff.

SPALDING, J.    Section 29 of G. L. c. 149, as amended
through St. 1957, c. 682, § 1, provides, in part, that "In
order to obtain the benefit of . . . [a statutory security
bond] the claimant shall file . . . with the contracting of-
ficer or agent in the case of a contract with the common-
wealth . . . a sworn statement of his claim prior to the
expiration of ninety days after the claimant ceases to
. . . furnish . . . appliances and equipment . . . for which
claim is made."    In this bill to enforce a claim under § 29
the sole question is whether the plaintiff filed a "sworn
statement of his claim."    In other respects the plaintiff's
claim, which arose out of the renting of equipment to a sub-
contractor (Southboro Construction Corp.) of the general
contractor (Joseph Rugo, Inc.), is not challenged.

Facts found by the master touching the issue in dispute are these. On June 20, 1958, the plaintiff filed with the department of building construction of the Commonwealth "a sworn statement of its claim alleging an indebtedness due to it from Southboro Construction Corp. in the amount of $548.55." The statement, executed on June 19, 1958, was signed "Carroll Hunnewell, Inc. by Dorothy S. Hunnewell, Treasurer." This signature was "notarized," and "the jurat appearing on said sworn statement reads as follows: 'Then personally appeared the above-named Carroll Hunnewell and made oath that the foregoing statement by him subscribed and the annexed account are to the best of his knowledge and belief, true.'" Carroll Hunnewell "did not sign the statement but . . . in fact it was signed by Dorothy S. Hunnewell and . . . the jurat was prepared prior to signature in anticipation that Carroll Hunnewell was the person who would appear to execute the statement of claim." By inadvertence, after Dorothy Hunnewell had signed the statement, "the jurat was not corrected to conform to the identity of the person who had in fact signed the statement."

A final decree was entered adjudicating that the defendant Southboro Construction Corp. was indebted to the plaintiff in the sum of $548.55 with interest, and that the defendant Joseph Rugo, Inc. (principal on the bond) and the defendants Aetna Insurance Company and American Employers' Insurance Company (sureties on the bond) were jointly and severally obligated to pay this sum to the plaintiff in the event that Southboro did not pay it within twenty days after the date of the decree. Joseph Rugo, Inc., Aetna Insurance Company, and American Employers' Insurance Company appealed.

We interpret the findings of the master to mean that the plaintiff filed a statement of claim which had been sworn to before a notary by Dorothy S. Hunnewell, the plaintiff's treasurer. Her name, as indicated above, was not the name appearing in the jurat, which had been prepared in advance on the mistaken assumption that the claim would be signed

and sworn to by Carroll Hunnewell. The question is whether this fact precludes recovery on the ground that the plaintiff has not filed a "sworn statement" of its claim as required by § 29. We are of opinion that it does not. It was open to the plaintiff to show, as it did, that the statement was in fact sworn to by the person signing it on the plaintiff's behalf, and that the recital in the jurat that another had sworn to its truth was not in conformity with the facts. In *Jackman* v. *Gloucester,* 143 Mass. 380, a statement (required to be under oath) was filed by one claiming a mechanic's lien. The statement was signed by the claimant and sworn to before a justice of the peace, who signed his name but did not add the title of his office. The trial judge, over objection, permitted the statement to be put in evidence, and allowed the claimant to show that the person who made the jurat was in fact a justice of the peace. In upholding this ruling this court said, "Courts permit the certificate to be amended, or, without an amendment, admit evidence of the authority of the person by whom they were taken, if they do not take judicial notice of it." P. 381.

The defendants cite *Cook Borden & Co. Inc.* v. *Commonwealth,* 293 Mass. 174, 179–181, and *Valentine Lumber & Supply Co.* v. *Thibeault,* 333 Mass. 352, 359, as authority to the contrary. In the *Cook Borden* case (construing a provision similar to that under consideration) it was held that a statement of claim which was sworn to before a notary public but which, through inadvertence, was not signed by the notary, was invalid. The *Valentine* case was to the same effect. Those decisions are not controlling; they hold that an unsigned jurat is no jurat at all. Here, the notary signed the jurat, and the person who signed the statement of claim had in fact sworn to the truth of its contents before the notary. This constituted compliance with § 29, notwithstanding the inadvertent recital in the jurat that the oath had been made by another.

*Decree affirmed with costs*
*of this appeal.*