THE PHILIP CAREY MANUFACTURING COMPANY *vs.* JOSEPH
RUGO, INC. & others.

Suffolk.    May 7, 1963. — June 4, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Public Works. Equity Pleading and Practice,* Parties, Amendment, Suit
to enforce statutory security. *Interest.*

In a suit under G. L. c. 149, § 29, to obtain the benefit of the statutory
security furnished in connection with a public construction project, there
was no error in allowing the plaintiff interest on the amount of his
established claim from the date of his filing his sworn statement of claim.
[207]

A subcontractor on a public construction project who had been supplied
materials for the project by an unpaid materialman was not an indis-
pensable party to a suit by the materialman against the general con-
tractor and the surety on his statutory security bond under G. L. c. 149,
§ 29, to obtain the benefit of that security.    [207–208]

It was within the discretion of the judge in a suit in equity to deny mo-
tions, made by the defendant after the filing of a master's report, to
amend the answer and to file a plea in bar.    [207, 208–209]

In a suit under G. L. c. 149, § 29, by an unpaid materialman of a sub-
contractor on a public construction project against the general contrac-
tor and the surety on his statutory security bond to obtain the benefit of
that security, it was immaterial to the plaintiff's right to obtain it that
some of the amount claimed by the plaintiff might have been owed di-
rectly by the general contractor.    [209]

BILL IN EQUITY filed in the Superior Court on January 25,
1962.

The suit was heard by *Bolster, J.,* on a master's report.

*George H. McDermott* for the defendants.

*Irvin M. Davis (Peter F. Davis* with him) for the plain-
tiff.

WHITTEMORE, J.    This bill in equity was brought to ob-
tain the benefit of the bond given by the defendants, Joseph
Rugo, Inc. (Rugo), and two insurance companies, as the
statutory security required by G. L. c. 149, § 29, as amended
through St. 1957, c. 682, § 1.    The plaintiff (Carey) was a
supplier of a subcontractor under a contract of September

18, 1959, between Rugo and the Massachusetts Port Authority[1] for the construction of a hangar at the Logan Airport. Carey was a supplier of insulating material to S. D. Shaw & Sons, Inc. (Shaw), the heating and ventilating subcontractor.

Rugo has appealed from interlocutory decrees which, respectively, denied a plea in abatement and confirmed a master's report. Rugo and the insurance companies have appealed from the final decree which ordered that the defendants pay Carey the amount of its claim with interest from the date of filing.

After the master's report had been filed Rugo moved to amend its answer to set up the absence of Shaw, and to file a plea in bar to set up that in an action of law brought by Shaw against Rugo a finding had been made "which includes the subject matter herein." No separate action was taken by the court on these motions, but we construe the entry of the decree confirming the master's report as a denial thereof, as well as of Rugo's motions to recommit and to strike the report.

1. The appellants' brief suggests but does not argue adequately several issues of which we note two: No error is shown in overruling the plea in abatement which set up an action at law brought by Carey against Rugo; it was not error to allow interest at least from the date of filing the claim.

2. The defendants contend that the final decree errs in adjudging Carey's rights in the absence of Shaw and of an adjudication of Shaw's obligation to Carey, and that Rugo's motion to amend its pleadings should have been allowed in order to prevent this error. We disagree.

General Laws c. 149, § 29, as amended through St. 1957, c. 682, § 1, does not in terms, or by necessary implication, require that the intermediate subcontractor be a party. It provides, in part, that there shall be obtained "security by bond . . . for payment by the contractor and subcontractors for labor performed or furnished and materials used

---

[1] See St. 1956, c. 465, § 2 ("The Authority is hereby constituted a public instrumentality . . . .").

or employed therein . . . . In order to obtain the benefit
of such security the claimant shall file . . . a sworn state-
ment of his claim . . . and, if such claim is not paid or
satisfied, shall file . . . a petition in equity in the superior·
court for the proper county to enforce his claim or inter-
vene in a petition already filed. . . . Before making final
disposition of such petition, the court may examine all
claims which may arise under this section and which have
been duly filed . . . and determine the respective amounts
due such claimants and their right to participate in the
security and apply the security to the claimants held en-
titled thereto.''

The findings show Carey's right to participate in the
security under this statute. The master found that Carey
had supplied labor, materials, and equipment as set out in
its claim and that Rugo and the port authority ''received
the benefits of the labor supplied, materials furnished, and
equipment used, in the performance of work done.''

There is no express finding that Shaw had not paid Carey,
but that is implicit in the master's conclusion that Carey
is entitled to participate in the security.

It would, of course, have been appropriate and highly
advisable to join Shaw as a party. See, for a decree where
the subcontractor and its supplier were parties. *Carroll
Hunnewell, Inc.* v. *Southboro Constr. Corp.* 343 Mass. 667,
668. But no one concerned acted seasonably to accomplish
this and Shaw was not indispensable.

We assume, with the defendants, that to the extent if any
that Shaw may have defences to Carey's claim which the
defendants did not set up in this suit, the defendants would
not be able to assert their payment to Carey as a pro tanto
payment to Shaw on Shaw's demands against them. That
they risked, however, in proceeding in Shaw's absence. See
*Long Island Painting Corp.* v. *Beacon Constr. Co. Inc.* 345
Mass. 567, 570–571. It was within the discretion of the
judge in the Superior Court to decline to allow amendments
after the master's report had been filed.

We note, although it is not necessary to our holding, that
the indications are that Shaw does not contest Carey's

claim. The master found that Shaw had filed a claim with the port authority which encompassed Carey's claim. The plaintiff's objections to the master's report indicate that Shaw's general manager was a witness for Carey. Rugo's objections to the report indicate that Carey's billings to Shaw were in evidence. The defendants' brief asserts that the same attorneys represented both Carey and Shaw. The facts in the proposed plea in bar are at least consistent with Shaw's recognition of Carey's claim. Counsel has stated that the case therein referred to is pending on exceptions.

Whatever the state of that or other actions, Rugo will be entitled to apply its payments to Carey under the final decree herein to Rugo's unpaid contractual obligation to Shaw so far as such payments are amounts which Shaw must recognize as due from it to Carey. Appropriate amendment of findings before judgment, or equitable proceedings after any judgment to enjoin its full collection, can prevent loss of Rugo's right. The sureties so far as involved will be equally protected. In the circumstances this is the extent of the defendants' rights in respect of their payments to Carey under the final decree.

3. In the concluding paragraph of his report the master finds that Rugo is indebted to Carey in the sum of $15,951.51, plus interest, and that Carey is entitled to participate in the security. Subsidiary findings in respect of staging and scaffolding, and averments in Rugo's objections, indicate that, because of events after Carey contracted with Shaw, some of the claimed amount was directly owed by Rugo. It is inconsequential for purposes of this case that no basis appears for finding how much or that all of it is due from Rugo. The uncertainty does not affect the conclusion that Carey is entitled to participate in the security.

Although in this and certain other respects subsidiary findings are omitted, their absence does not require recommital or reversal of the final decree.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs*
*of this appeal.*