## Powers Regulator Company *vs.* Joseph Rugo, Inc. & others.

Suffolk.    November 5, 1964. — December 8, 1964.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter, & Spiegel, JJ.

*Public Works. Equity Pleading and Practice, Parties, Suit to enforce statutory security. Interest.*

In a suit under G. L. c. 149, § 29, by an unpaid sub subcontractor on a public construction project against the general contractor and the surety on his statutory security bond to obtain the benefit of that security, where it appeared that litigation between the general contractor and the subcontractor involving matters pertaining to the sub subcontractor's work was pending, a final decree directing payment by the general contractor or the surety on the bond of a balance due to the sub subcontractor and dismissing the petition as to the subcontractor, also a respondent, without prejudice was ordered by this court modified by striking out such dismissal and by substituting a provision to the effect that any subsequent accounting between the general contractor and the subcontractor should reflect the obligation of the general contractor and the surety under the decree to pay the sub subcontractor, and as so modified was affirmed. [235, 236]

No prejudice was shown in denial of a motion to consolidate pending suits under G. L. c. 149, § 29, by different petitioners against the same respondents to obtain the benefit of the statutory security furnished in connection with a public construction project, where no inadequacy of the security appeared. [236]

In a suit under G. L. c. 149, § 29, to obtain the benefit of the statutory security furnished in connection with a public construction project, no error appeared in allowing the petitioner interest on the amount of his established claim from a specified "date of demand" which was prior to commencement of the suit but was not shown to be prior to the filing of the petitioner's sworn statement of claim. [236]

Intervening petition filed in the Superior Court on June 1, 1962.

A motion by the respondents Joseph Rugo, Inc., and the two sureties on its statutory security bond to consolidate with a suit by Philip Carey Mfg. Co. against "the same" respondents was denied by *Gourdin*, J.

The suit was heard by *Tomasello, J.*

*George H. McDermott* for Joseph Rugo, Inc. & others.

*Thomas L. Mackin,* for Powers Regulator Company, submitted a brief.

WHITTEMORE, J.   The petitioner (Powers) by intervention in pending proceedings in the Superior Court under G. L. c. 149, § 29, sought and obtained an adjudication of its right as sub subcontractor to be paid from the statutory bond given by Joseph Rugo, Inc. (Rugo), under § 29 as the general contractor for the construction for the Massachusetts Port Authority of a hangar at Logan Airport.   Rugo and the two sureties on the bond have appealed from the final decree on the ground that the decree does not establish the indebtedness of the subcontractor S. D. Shaw & Sons, Inc. (Shaw), to Powers and thereby establish the rights of Rugo against Shaw.   Shaw was a party to the proceedings and the final decree dismissed the petition as to Shaw without prejudice.   The decree ruled that the sum of $4,022.40 is due Powers from Rugo with interest of $392.16, ordered Rugo to pay and, in the event of Rugo's default, that the sureties do so.

There is a report of material facts.   The evidence is not reported.

Although Shaw was not an indispensable party, Shaw's presence in the proceedings was highly advisable.   *Philip Carey Mfg. Co.* v. *Joseph Rugo, Inc.* 346 Mass. 206, 208 (a case involving the rights of another subcontractor of Shaw in the same security).   An appropriate final decree, assuming that the indebtedness of Shaw to Powers was shown by the evidence, would have been to the effect that Shaw was indebted to Powers in the sum found, with interest, and that Rugo and the sureties were obligated to pay the sum if Shaw did not.   See *Carroll Hunnewell, Inc.* v. *Southboro Constr. Corp.* 343 Mass. 667, 668.

The answers of Shaw and Rugo disclosed a suit brought by Shaw against Rugo to recover for the work done by Shaw and Shaw's subcontractors and the claim of Shaw that all work done by Powers after a certain date was

done directly for Rugo, under a contract with Rugo, made after Shaw had been enjoined from entering the site of the work; also Shaw's assertion that a decision in that other suit had credited Rugo with $22,793.60 as payments by Rugo to Powers for Shaw's account. This sum, as appears from the judge's findings herein, is eighty-five per cent of the contract price in the Shaw-Powers contract. In the circumstances of this other litigation directly between Rugo and Shaw it was appropriate to adjudicate Powers' rights in the statutory security with no more concern with the Shaw-Rugo controversy than such adjudication required in the light of the facts established.

The report of material facts sets out that Rugo made a plumbing and heating subcontract with Shaw and that Shaw in turn contracted with Powers for the latter to install the temperature controls for $26,816; Powers began its work, temporarily delayed performance when it learned that Shaw had been enjoined from performing its contract with Rugo, but subsequently, at the request of Rugo, completed the temperature controls in the manner agreed upon in its contract with Shaw. Further, that Powers had been paid nothing by Shaw but by Rugo had been paid the contract price less the fifteen per cent retainage provided for in the contract; that Powers had duly filed its sworn statement of claim under G. L. c. 149, § 29; and that Rugo was indebted to Powers in the sum of $4,022.40 with interest from September 30, 1961, the date of demand.

The findings and the decree do not expressly resolve the issue whether some of the $4,022.40 was owed directly by Rugo. That, however, does not affect Powers' right to recover from the security. *Philip Carey Mfg. Co.* v. *Joseph Rugo, Inc.* 346 Mass. 206, 209. In the absence of the evidence we do not know what adjudication in that respect would have been justified. Rugo and the sureties, nevertheless, are entitled to a decree that will preserve as against Shaw the effect of the findings of the judge in this proceeding to which Shaw was a party. The decree is to be modified to express this.

The appellants allude briefly to the denial of the motion to consolidate the petition with the petition of the Philip Carey Mfg. Co. See 346 Mass. 206. No prejudice is shown, there being no suggestion that the security is inadequate.

No error is shown in the allowance of interest. The appellants object to the computing of interest from "September 30, 1961, the date of demand" rather than the date of the later filing of the petition. It is not error to allow interest from the date of filing of the claim. *Philip Carey Mfg. Co.* v. *Joseph Rugo, Inc.* 346 Mass. 206, 207. This is necessarily a date prior to the filing of the petition. There is no basis for concluding that September 30, 1961, was prior to the filing of the claim.[1]

The final decree is modified by striking therefrom paragraph (4) which dismissed the claim against Shaw without prejudice and substituting therefor the substance of the following paragraph (4): Any accounting between Rugo and Shaw hereafter made is to reflect that Rugo and its sureties have by this decree become obligated to pay Powers, for performing work originally specified to be done by Powers in its contract with Shaw, the amount of the retained percentage under the Shaw-Powers contract, that is, fifteen per cent of the original contract price of $26,816, or $4,022.40 with interest from September 30, 1961.

As so modified the decree is affirmed.

*So ordered.*

---

[1] The plaintiff alleged that the claim was filed on June 26, 1961. The answers of Rugo and the sureties stated that they were without knowledge as to the allegation.