S. D. SHAW & SONS, INC. *vs.* JOSEPH RUGO, INC. December 3, 1965. Exceptions overruled. The finding for the plaintiff (Shaw) against the defendant (Rugo) for breach of a subcontract for public work was under count 12 on an account annexed that demanded the contract price plus extras, and less credits. After this finding, Powers Regulator Company (Powers), a subcontractor of Shaw, received its final payment of $4,022.40

directly from Rugo pursuant to a decree in a proceeding against the statutory security under Rugo's contract. The judge thereafter amended his finding in Shaw's action to credit to Rugo this final payment to Powers, and interest. In *Powers Regulator Co.* v. *Joseph Rugo, Inc.* 348 Mass. 233, this court, being insufficiently informed to do otherwise, reserved the effect of Rugo's final payment to Powers in the accounting between Shaw and Rugo but ordered that it be reflected therein. The amendment to the finding rightly does so. The payment to Powers was a credit to Rugo as an amount that Shaw would have had to pay to complete its contract even if, by order to Powers, after Rugo's breach of its contract with Shaw, Rugo had become directly obligated to Powers for some amount. The plaintiff's contention of error is based on the judge's ruling that, under an unapplied count in quantum meruit as to which the hearing was "discharged," Shaw was entitled to the fair value of the performance up to the time of Rugo's breach even though in excess of the contract price, read with the accompanying statement: "However see finding on Count 12 wherein the finding is determined upon the fair value of the work done." In the context of an award under count 12 we construe this ruling and notation as reflecting a finding that the fair value of the work was in the amount determined under count 12 on the basis of the contract price plus extras and less appropriate credits and not, as the plaintiff contends, that the award was on a different theory and one that would limit or exclude such credits. The rule underlying the plaintiff's granted request 17 was therefore applicable: "If Shaw elects to sue on his contract he is entitled to recover on his contract minus the amount it would have cost Shaw to complete his contract." This we conclude on the record before us, but we note that in another record concerning the same action, there is a consistent finding by a commissioner to find the facts on a petition to establish the truth of exceptions. The finding is that, as Shaw's bill in that proceeding asserted, the judge had disclosed the computation of damages, as first awarded in the final decree, on the basis of the contract price less credits, including the cost to Rugo, as then shown, to complete Shaw's contract. See the record in *S. D. Shaw & Sons, Inc. petitioner, ante,* 777. There was no error in not granting requests for rulings in respect of the amendment of the finding.

The case was submitted on briefs.

*Irvin M. Davis & Peter F. Davis* for the plaintiff.

*George H. McDermott* for the defendant.