Louis Di Fruscio & another *vs.* New Amsterdam Casualty Company & another.

Suffolk. November 8, 1967. — December 4, 1967.

Present: Wilkins, C.J., Whittemore, Cutler, Spiegel, & Reardon, JJ.

*Public Works. Jurat. Interest.*

A sworn statement of claim under G. L. c. 149, § 29, was adequately signed where, before the claimant swore to the statement, he signed his name in the blank space for it in the jurat and, after his oath, signed his name again in the appropriate place therefor. [362]

The claim sworn to in a sworn statement of claim under G. L. c. 149, § 29, was adequately identified in an attached jurat reciting that the claimant "made oath that the foregoing statement, by him subscribed, and the annexed account are, to the best of his knowledge and belief, true." [362]

Where a subcontractor for work at unit prices on a project of the Commonwealth filed a sworn statement of claim under G. L. c. 149, § 29, for an amount based on a "preliminary measurement" by the Commonwealth's engineer "which was the only computation then in existence," there was, in a suit under § 29 to enforce the claim, no error in an allowance thereof in a larger amount based on the Commonwealth's "final estimate." [363]

In a suit under G. L. c. 149, § 29, to enforce a claim for which a sworn statement of claim had been filed pursuant to the statute, a decree for the plaintiff properly included interest on the amount set forth in the sworn statement from the date of filing thereof. [363–364]

Bill in equity under G. L. c. 149, § 29, filed in the Superior Court on October 26, 1965.

The suit was heard by *Ford, J.,* on a master's report.

*Vincent Galvin* for New Amsterdam Casualty Company.

*Joseph J. Hurley* for the plaintiffs.

WHITTEMORE, J. 1. The claim of the plaintiffs under G. L. c. 149, § 29, was a sworn statement within the statute. The statute provides that in order "to obtain the benefit of such security the claimant shall file . . . a sworn statement of his claim prior to the expiration of ninety days after the claimant ceases to perform labor or furnish labor, materials . . .. " The master found that when Di Fruscio for the claiming partnership swore to the claim before a notary, as evidenced by the jurat attached to the claim, he had not signed in the space provided but he had already signed his name in the blank following the opening words of the jurat ("Then personally appeared the said . . ."), intending that his signature in that space act as his signature on the statement. The master also found that the Department of Public Works returned the claim and at the request of the department, Di Fruscio then, within the ninety day period for filing, signed the claim in the appropriate place.

In *Cook Borden & Co. Inc.* v. *Commonwealth,* 293 Mass. 174, 179–180, the claim was signed and had been sworn to but the jurat was not completed. No signature of an officer qualified to take oaths appeared. The applicable statute, G. L. (Ter. Ed.) c. 30, § 39, required the filing of "a sworn statement of . . . claim." The court held the claim invalid, noted the analogy to the mechanics lien law and said, "Having regard to well known business usages . . . [the statute] manifests a legislative intent to require . . . a signed statement . . . [with] a certificate of the officer who administered the oath." The opinion cited *Jackman* v. *Gloucester,* 143 Mass. 380, which held that although the mechanics lien statute did not in terms require a jurat (the filed statement "shall be subscribed and sworn to") the attachment of a jurat was implied.

The analogy to the mechanics lien law is not strong in view of the express requirement of the lien statute that the

claim be "subscribed." No purpose of G. L. c. 149, § 29, is disserved by the absence of a written signature if the claim unequivocally appears as the claim of a named creditor on described work to which the bond applies. See *Assessors of Brookline* v. *Prudential Ins. Co.* 310 Mass. 300, 304 (oral application for abatement of taxes).

We need not decide, however, whether G. L. c. 149, § 29, impliedly requires a signature to the claim in every instance. Here the claim was adequately signed twice. As to the first instance, the signature did not need to be in the place provided. See as to wills, *Meads* v. *Earle*, 205 Mass. 553, 555–557; *Thomson* v. *Carruth*, 218 Mass. 524, 526–527; *Porter* v. *Ballou*, 303 Mass. 234, 235; as to the statute of frauds, *Hawkins* v. *Chace*, 19 Pick. 502, 505; as to typed signatures, *Assessors of Boston* v. *Neal*, 311 Mass. 192, 198–200; *Irving* v. *Goodimate Co.* 320 Mass. 454, 457–459. As noted, the claim was signed again and in the usual place, before being accepted by the department.

There was no failure in the jurat adequately to identify the claim that was sworn to. It recites that Di Fruscio "made oath that the foregoing statement, by him subscribed, and the annexed account are, to the best of his knowledge and belief, true." The claim named the partnership and the partners. It identified the contract and stated the account. The claim had in fact been subscribed, but even if this was not apparent to the department or others interested, the oath applied to the statements in the paper to which it was attached; if there was a partial misdescription it was inconsequential. See *Carroll Hunnewell, Inc.* v. *Southboro Constr. Corp.* 343 Mass. 667, 669.

2. The claim recites a contract between the department for the Commonwealth and E. V. Del Duca Construction Co., Inc. (Del Duca) and that the claimants furnished to Del Duca, to be used for the contract, labor and materials and rental equipment to the value of $21,718.02 as appears by the account annexed. The incorporated account shows "Full amount of bill $57,835.20, Paid . . . $36,117.18. Balance due . . . $21,718.02."

The master found that the subcontract was for work at unit prices and that as of the time of the hearing, it appeared without dispute that the amount due was $22,661.27 based on the Commonwealth's "final estimate." The lesser figure in the claim was the amount of the preliminary estimate made by the engineers in the field. At the time of the filing of the claim, the claimants "were bound by the preliminary measurement, which was the only computation then in existence." It was the only figure known to the Commonwealth or to the contractor. The master also found that it was the practice for the department to make the later final estimates.

It was not error to allow the claim in the larger amount. In filing the claim under the unit price contract and using the preliminary figures the claimants fully informed the Commonwealth and the contractor that they were claiming the balance due under their contract after crediting the amount of the stated payment. See as to the purpose of a sworn claim, *A. Belanger & Sons, Inc.* v. *Joseph M. Concannon Corp.* 333 Mass. 22, 24, 25. There is nothing to suggest that the security was inadequate so no issue arises of apportioning the security among claimants. The defendant surety company shows no prejudice. In this instance the analogy of the mechanics lien law is applicable. See *Cook Borden & Co. Inc.* v. *Commonwealth*, 293 Mass. 174, 179–180; *Massachusetts Gas & Elec. Light Supply Co.* v. *Rugo Constr. Co. Inc.* 321 Mass. 20, 22–23. The right stems from the statute; the due filing of the statement serves only to preserve the right. *Devine* v. *Clark*, 198 Mass. 56, 59. The plaintiffs' claim preserved their right to what was due on the correct statement of the account which they stated to the best of their ability on the department's only figures.

3. The defendant surety company contends that interest should have been awarded, not from the date of the filing of the claim as stated to be proper in *Powers Regulator Co.* v. *Joseph Rugo, Inc.* 348 Mass. 233, but only from date of demand on it. We disagree. The claimants were entitled to interest against the contractor, the principal, from the

time when the account became due and "[t]he liability of the surety was to make good any default of the principal in regard to payments within the . . . penal sum of the bond." *Sampson* v. *Commonwealth*, 202 Mass. 326, 330, 339. The decree which was affirmed in the *Sampson* case allowed interest from the dates of the filing of the claims under R. L. c. 6, § 77. In the case at bar the claim in substance asserted the default of the contractor. Default was not an issue before the master. But the default and the demand shown by the claim were only as to $21,718.02.

There are no findings as to the date of the final estimate or of a demand for the larger amount. In the circumstances we do not pause to consider whether any date prior to the final decree should be used to compute the interest on the balance of $943.25. Let the final decree be modified to provide interest on this sum only from the date of the decree, December 28, 1966, and interest on $21,718.02 from the date of the filing of the claim.

4. As modified under section 3 above, the final decree is affirmed.

*So ordered.*