MILANO BROS., INC. *vs.* JOSEPH RUGO, INC. & others.[1] February 1, 1968. Milano, a supplier of gravel and equipment to Rufo Construction Company, a subcontractor of Rugo, the general contractor for the construction of a hangar at Logan Airport, intervened in Rufo's suit against Rugo under G. L. c. 149, § 29. The entire case was referred to a master who appointed stenographers

---

[1] Aetna Insurance Company and American Employers' Insurance Company, sureties on Rugo's statutory bond. G. L. c. 149, § 29. Rufo Construction Company, the plaintiff in the suit in which Milano intervened, and the Massachusetts Port Authority, the awarding authority, are not parties to these appeals.

under Rule 90 of the Superior Court (1954). The trial took ninety-eight days during a period of two years. The defendants Rugo and its sureties appeal (1) from the denial of their motions for recommittal on the grounds that, having filed objections and furnished the master with ninety-eight volumes of testimony consisting of thousands of pages, they were entitled to brief, accurate and fair summaries of the evidence to enable the court (a) to test its sufficiency in law to support nineteen findings of fact made by the master and (b) to pass upon the propriety of twenty-two rulings on evidence relating to certain exhibits and (2) from the final decree based on the confirmed report. There was no error. The alleged failure of the appellants to comply with Rule 90 need not be discussed. The objections, read in light of the master's report which on its face is clear, well organized, complete in all essentials and consistent in its findings, would require the master to summarize all the evidence in the case. Rule 90 may not be thus subverted. *Tzitzon Realty Co.* v. *Mustonen,* 352 Mass. 648, 650. The final decree is not defective. Under G. L. c. 149, § 29, the liability of Rugo and its sureties to Milano is not contingent upon Rugo's liability to Rufo which hired Milano. *Philip Carey Mfg. Co.* v. *Joseph Rugo, Inc.* 346 Mass. 206, 208. Rufo was a party to the litigation when the master's report was confirmed establishing Rufo's indebtedness to Milano. When Rufo's claim against Rugo and its sureties is established, the latters' payment to Milano may be asserted as a pro tanto payment to Rufo. 346 Mass. 206, 208. Double costs and interest at the rate of eight per cent are awarded to Milano in accordance with G. L. c. 211, § 10.

*Interlocutory and final decrees affirmed.*

*George H. McDermott,* for Joseph Rugo, Inc., & *Tanous J. Thomas,* for Aetna Insurance Company & another, joined in a brief.

*Irvin M. Davis* for the intervener.