SPACE BUILDING CORPORATION *vs.* INSURANCE COMPANY OF NORTH AMERICA. June 8, 1979. The plaintiff Space Building Corporation (Space) appeals from a judgment of the Superior Court for the defendant Insurance Company of North America (Insurance), the surety on a bond of the general contractor, Kirby-Sullivan, Inc. (Kirby), covering the payment to Space, a subcontractor, for labor and materials furnished by Space in the construction of a building for the Massachusetts Bay Transportation Authority (Authority). Space brought this action against Kirby and Insurance when Kirby failed to pay a balance due Space upon the completion of its subcontract. A default judgment was entered against Kirby; but the trial judge ruled that Space was precluded from recovery on the bond against Insurance for failure to file an appropriate notice of claim with the Authority under G. L. c. 149, § 29, as it read in 1971, when these events took place.[1] The

---

[1] In 1972 the requirement of a "sworn statement" was eliminated. See St. 1972, c. 774, § 5. Section 5, however, applies only to contracts entered into pursuant to an invitation for bids issued subsequent to the effective date of St. 1972, c. 774. See § 12 of that statute. Note also that under G. L. c. 30, § 39F(1)(d), as amended by St. 1972, c. 774, § 2, upon the failure of a contractor to pay his subcontractor, the latter

statute required that the notice of claim "shall" be a "sworn statement." While Space complied fully with the provisions of the bond which required written notice of its claim to the parties within ninety days of the completion of its subcontract, Space failed to meet the § 29 requirement of a sworn statement. We find no merit in Space's assertion that a sworn statement was not mandatory under § 29. Sections 102 and 186B of G. L. c. 175, upon which Space relies for that contention are by their terms applicable to policies of insurance as defined in § 2 of that chapter; but a surety bond is not an insurance contract as defined in § 2. G. L. c. 175, § 107. See *General Elec. Co.* v. *Lexington Contr. Corp.*, 363 Mass. 122, 124 (1973). Space also argues unsuccessfully that those cases construing G. L. c. 149, § 29, do not preclude recovery where there are simply irregularities in the filing of a claim and that the failure to comply with the sworn statement requirement is only an excusable irregularity. While Space is apparently correct in its claim that those cases which have adhered strictly to that requirement involved a failure to submit any written statement, sworn or otherwise, those cases do not indicate that a written notice of claim, not under oath, would have sufficed. See *A.L. Smith Iron Works* v. *Maryland Cas. Co.*, 275 Mass. 74, 75-76 (1931); *Metropolitan Pipe & Supply Co.* v. *D'Amore Constr. Co.*, 309 Mass. 380, 383 (1941); *Philip Carey Mfg. Co.* v. *Peerless Cas. Co.*, 330 Mass. 319, 321-322 (1953); *Martin Fireproofing Corp.* v. *Aetna Ins. Co.*, 346 Mass. 498, 500-501 (1963). In other cases, the requirement was held to have been met where the irregularity simply involved a failure to execute the jurat properly. *DiFruscio* v. *New Amsterdam Cas. Co.*, 353 Mass. 360, 362 (1967). *J.P. Smith Co.* v. *Wexler Constr. Co.*, 353 Mass. 551, 552-553 (1968). In those cases the court permitted the action to proceed despite technical noncompliance with the statute because of evidence that the creditor swore to the claim. Such an extenuating circumstance is not present here. The judge properly found that the written notice "was not sworn to and presumably could not have been in the absence of any showing that the attorney signing it had any personal knowledge of the facts sufficient to enable him to make a statement of the claim under oath."

*Judgment affirmed.*

The case was submitted on briefs.
*Constance V. Vecchione* for the plaintiff.
*John E. Lecomte & Joseph M. Princi* for the defendant.

---

must now file a "sworn statement" of claim with the awarding authority in order to receive direct payment from the authority.