EUGENIA MATTEODO *et al. vs.* DOMENICO CAPALDI *et ux.*

JUNE 18, 1927.

PRESENT: Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Easements.   Ways.*

Where a right of way is neither defined nor its use limited by the deed, to ascertain the intention of the parties, the physical facts and circumstances existing at the time of the grant and the subsequent use of the way by the parties must be considered.

*(2)  Easements.   Ways.   Deeds.   Construction.*

In cases where the construction of a deed is in doubt, the language should be construed favorably to the grantee, and this rule of construction is not altered because the portion of the deed construed grants an easement.

*(3)  Easements.   Ways.   Additional Burden on Servient Estate. ·*

Where one has an unlimited right of passage for vehicles, he is not restricted to such vehicles as were in common use at the time of the grant, provided a new method of transportation does not impose upon the  servient estate a burden greater than that within the contemplation of the parties to the deed.   Hence where an unlimited right of passage was given by deed the use of an automobile is permissible where the facts do not disclose that its use was appreciably more disturbing than travel by team.

*(4)  Easements.   Ways.   Additional Burden on Servient Estate.     ·*

Where one has an unlimited right of passage for vehicles he is not restricted to such vehicles as were in common use at the time of the grant, and mere travel over the way in any vehicle which is an ordinary and customary mode of conveyance is not an increase of the burden upon the servient estate.

BILL IN EQUITY.   Heard on appeal of complainant and appeal dismissed.

BARROWS, J.   In this case complainants brought a bill in equity seeking to rectify an alleged mistaken omission from the portion of a deed executed in 1912 granting a right of way to respondents over complainants' land.   The omission was that the way was to exist only till Gillen street was made passable.   Respondents' answer denied any omission and included a cross bill in which they sought to enjoin complainants from interfering with the right of way. After hearing upon issues of fact the Superior Court found for respondents and entered a decree dismissing complainants' bill and granting the prayer of the cross bill.   From this decree complainants are here on appeal.

The evidence was conflicting but a consideration thereof and of the physical facts and circumstances of the case indicates that the trial justice, who viewed the premises and saw the witnesses, did not err in determining the issues of fact against complainants' claims.

The single legal question presented is, whether the burden on the servient estate has been increased beyond that con-

templated in the grant, the terms of which are as follows: "Also the grantors give the right to pass through on that parcel of land from Ledge Street to the grantees' land and also the grantors have a right to pass on that grantees' land from their land to Gillen Street and vice versa." The lower court has found and we approve the finding that this grant was of a right of way, both for travelers on foot and in vehicles. The evidence shows that immediately and for at least ten years after the passage of the deed an actual use of the way for vehicular traffic by horse and wagon was made by respondents and their tenants. No serious question was ever raised about the right so to traverse the way. In 1925 respondents commenced to operate an automobile over the way and complainants brought the present bill.

The gist of the complainants' contention is that operation of an automobile over the way imposed upon the servient estate a burden greater than was intended to be allowed by the deed even as written, and renders more dangerous complainants' use of their own premises.

No one claims that a servient estate may be burdened to a greater extent than was intended by the deed granting the easement. In the present case the "right to pass" (1) clearly conveys a right of way. *Abney* v. *Twombly*, 39 R. I. 304. The way is neither defined nor is its use limited. In order, therefore, to ascertain the intention of the parties we must consider the physical facts and circumstances existing at the time of the grant and the subsequent use of the way by the parties. *Wesley* v. *Cartier & Sons Co.*, 30 R. I. 403.

Considering the nature of the premises, the slope of the streets and the impassability at certain times of the year of Gillen, a dead end street, it is evident that this way was intended to furnish a reasonable means of access to respondents' house and barn. The limits of the way were definitely fixed by usage immediately following the deed. The presence of a wide gate indicated a usage for vehicles

as well as for travelers on foot and so in fact, without objection, from any source did respondents use the way until 1925, though in 1921 complainant Eugenia discovered what was alleged to have been the mistaken omission from the deed.

(2) In cases where the construction of a deed is in doubt the language should be construed favorably to the grantee. *First Baptist Church* v. *Wetherell*, 34 R. I. 155; *Gaddes* v. *Pawt. Institution for Savings*, 33 R. I. 177. This rule of construction is not altered because the portion of the deed construed grants an easement. 19 C. J. 907, § 94.

Respondents having an unlimited right of passage for vehicles, did the mere fact of use of the way by an automobile add to the burden on complainants' premises? *Atty. Gen.* v. *Hodgson*, 91 L. J. Ch. Div. 426, at 431, is the only case to which we have been referred. In that case, the use of a motor vehicle was held permissible upon a granted right of way for carriages; and under such grant a motor (3) car was a carriage, said the court. This view seems to us to be sound. Where one is granted a vehicular right of way, he is not restricted as a matter of law to such vehicles as are in common use at the time of the grant. It matters not whether he be transported on horseback, by ox-cart, by horse and wagon or by motor vehicle. The method of propulsion of the person using the way is not the test by which to determine whether an added burden has been placed upon the servient estate.

There may be in some cases a question of fact whether the use of a new method of transportation imposes upon the servient estate a burden greater than that within the contemplation of the parties to the deed. Such a question is not before us. No evidence was offered that the travel over the way by motor car was appreciably more disturbing than travel by team in the matter of noise or offensive odors or frequency of use or by deposits of grease or oil upon the way. Travel by automobile does somewhat increase the danger to those otherwise using the right of way but such

increase is one of the necessary incidents of progress. If the original use of the way had been by ox-drawn vehicles, perhaps the danger would have been less than by horse-drawn vehicles and yet we conceive that no one would urge that subsequent use of the latter would have created an additional burden upon the servient estate. The use of motor vehicles instead of those drawn by animals is but a following out of the same line of reasoning. We believe that it may be said as a matter of law that when a vehicular right of way has been granted, its use is not limited to such vehicles as are customary at the time of the grant; that (4) mere travel over the way in any vehicle which is an ordinary and customary mode of conveyance is not an increase of the burden upon the servient estate. At the present time it can not seriously be questioned that the use of the automobile is an ordinary and customary mode of travel and that it has largely superseded the use of horse-drawn vehicles.

In the case before us we find no increase of the servitude upon complainants' land.

The complainants' appeal is dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Charles R. Easton,* for complainant.

*George F. Troy,* for respondents.