JOHN A. CLARKIN & others *vs.* JAMES DUGGAN.

Worcester.　　September 23, 1935. — October 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Way,* Private.　*Words,* "Team."

A right of way across land "with teams only," granted by deed in 1864, could not be construed in 1935 to permit travel over the land by motor vehicle.

BILL IN EQUITY, filed in the Superior Court on October 27, 1933, and afterwards amended.

The defendant appealed from a final decree entered by order of *Williams,* J., following the confirmation of a master's report.

The case was submitted on briefs.

*F. P. Brady,* for the defendant.

*H. H. Hartwell, C. N. Dewey, & M. B. Fitz,* for the plaintiffs.

CROSBY, J. This is a bill in equity by which the plaintiffs seek to enjoin the defendant from trespassing upon their land. The case was referred to a master who found the following facts: The plaintiffs own certain real estate in the town of Blackstone located on the westerly side of Blackstone Street, which runs in a northerly direction from Blackstone to Mendon. The defendant is the owner of real estate on the same side of the same street, southerly from the plaintiffs' property but separated from it by two intervening lots on which there are houses. All these lots originally were owned by Albert Gaskill, a common grantor of the plaintiffs and the defendant. The plaintiffs' house

was formerly the home of Gaskill, and is located near the westerly line of the street. The lot falls off sharply from the street to the west so that the kitchen of the house is not on a level with the first floor, but is in a basement. A barn used as a garage is located about twenty-five feet westerly of the house. On the north side of the house is a fairly steep driveway which runs from Blackstone Street along the north side of the house, then turns at right angles, runs between the house and barn and continues southerly in the rear of the adjoining properties, including that of the defendant. Although the ground of these adjoining properties is rough and uneven it gives to the defendant access to the rear of his land by horse-drawn vehicles or automobiles. The source of the right which the defendant has over the land of the plaintiffs is contained in a deed from Albert Gaskill. Gaskill conveyed the land southerly of what is now the plaintiffs' property and now owned in part by the defendant to one Susan Gaskill by deed dated May 4, 1864, and recorded in the Worcester District Deeds, book 689, page 34, which contained the following clause: "and with the right of way across my land (with teams only) from said road on the North side of my dwelling house occupied by me between my said house and barn to said premises, it being the usual way of passing on to said premises for the necessary use and management of said premises." The defendant's immediate predecessor in title, Andrew J. Duggan, took title by deed from one Charles F. Dorrington dated July 29, 1904, and duly recorded, which contained the following clause: "with the right to pass and repass over adjoining land now or formerly of Ellen Fannig [*sic*], Jane and Simon Ryan and heirs of Hugh Clarkin to convey fuel and manure and other material to plant garden." The defendant took title to the property now owned by him by deed from Andrew J. Duggan dated November 25, 1911, and duly recorded, which contained the following clause: "with the right to pass and repass over adjoining land now or formerly of Ellen Fanning, Jane and Simon Ryan and heirs of Hugh Clarkin to convey fuel and manure and other material to plant garden." The Fanning and Ryan land

mentioned in the two foregoing deeds referred to the two lots immediately north of the defendant's lot, between his land and that of the plaintiffs, and the land of the heirs of Hugh Clarkin referred to the land of the plaintiffs. The master further found that there has been no controversy between the plaintiffs and the defendant as to the defendant's right to use the passageway in question in order to reach the rear of his land so far as horse-drawn vehicles are concerned, but that the controversy between them has been as to the defendant's right to its use for motor vehicles. The plaintiffs have objected to its use for motor vehicles, and have insisted that the defendant's rights are limited to "teams only" as stated in the deed from Gaskill before referred to. An interlocutory decree was entered confirming the master's report, and a final decree was entered by which it was decreed that the defendant, his servants and agents were perpetually enjoined from using the right of way for the passage of automobiles, motor trucks and any other vehicles except teams. Costs were awarded the plaintiffs and execution is to issue therefor.

It was agreed by counsel that the plaintiffs' and the defendant's chains of title, both of which are printed in the record, may be considered by the court as though the same were incorporated in the master's report. The question before this court is whether the final decree was proper upon the facts found; if so it should be affirmed. The master found that "The source of the right which the defendant has over the land of the plaintiffs is that contained in a deed from one Albert Gaskill, whose house the plaintiffs now own and occupy and who was the owner in 1864 of the land of both the plaintiffs and defendant. . . . Albert Gaskill conveyed the land southerly of the plaintiffs' property and now owned in part by the defendant to one Susan Gaskill by deed dated May 4, 1864, . . . which contained the following clause: 'and with the right of way across my land (with teams only) from said road on the North side of my dwelling house occupied by me between my said house and barn to said premises, it being the usual way of passing on to said premises for the necessary use and man-

agement of said premises.'" The contention of the defendant that the words "with teams only" include automobiles cannot be sustained. It is plain that an "automobile" is not a "team." To hold otherwise would be to extend the meaning of the word "teams" beyond what was intended by the parties at the time the easement was granted, and many years before automobiles came into existence. The right of way is limited to the use originally designed. *Atwater* v. *Bodfish*, 11 Gray, 150, 152. A right to use a way for farming purposes only cannot properly be used for any other purpose. *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad*, 215 Mass. 381, 388. The deed to Susan Gaskill above referred to is the source and limit of any rights of way subsequently granted affecting the plaintiffs' estate. The stipulation and agreement between counsel that the plaintiffs' and the defendant's chains of title printed in the record may be considered by the court as though the same were incorporated in the master's report do not affect the final decree, which is affirmed with costs.

*Ordered accordingly.*