DANIEL E. REGAN *vs.* ALBERT G. TIERNEY, receiver, & others.

Suffolk. May 13, 1940. — May 29, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Equity Pleading and Practice,* Appeal; Master: exceptions to report; Amendment.

Without an appeal from an interlocutory decree overruling exceptions to a master's report in a suit in equity and confirming the report, an exception to his exclusion of certain evidence brought nothing to this court.

No error appeared in the denial of a motion to amend a petition by an intervener in equity where no abuse of discretion was shown by the record.

No appeal having been taken from an interlocutory decree overruling exceptions to and confirming a master's report in a suit in equity and it not appearing that that decree erroneously affected the final decree, which was proper on the pleadings and facts found by the master, the final decree was affirmed.

PETITION, filed in the Superior Court on December 3, 1938.

The suit was before this court only on appeals by the intervener John S. Lane & Son, Incorporated, from an interlocutory decree, entered by order of *Pinanski,* J., and from a final decree, entered by order of *Collins,* J.

*H. A. Baker,* for the intervener.

*S. Macmillan,* for the Seaboard Surety Company.

DONAHUE, J.    John S. Lane & Son, Incorporated, hereinafter referred to as the intervener, furnished materials, for which it has not been paid, to a contractor who used the materials in building a section of highway under a contract with the city of Chicopee.   By an intervening petition the intervener seeks to obtain the benefit of a surety company bond given by the contractor as security in accordance with G. L. (Ter. Ed.) c. 149, § 29, as amended (St. 1935, c. 472, § 2; St. 1938, c. 361).

Some time after the filing of its petition the intervener moved for leave to amend the petition.   After hearing by a judge of the Superior Court an order was entered denying the motion.   The intervener claimed an appeal from the order as from an interlocutory decree.   *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 370, 373.

The case was referred to a master who found that the intervener did not, as the statute required, file its claim with the city clerk of Chicopee within sixty days after the last date when the intervener furnished to the contractor the materials for which it has not been paid.

At the hearing before the master the intervener excepted to the exclusion of certain evidence and filed an objection to the exclusion.   As the intervener did not appeal from an interlocutory decree overruling the exception and confirming the master's report, the question of the propriety of excluding the evidence is not before us.

As to the intervener's appeal from the interlocutory decree denying its motion to amend the petition originally filed, since there is nothing in the record to show an abuse of sound discretion by the judge, no error appears.   *Knox* v. *Springfield,* 273 Mass. 109, 110–111.   *Abbott* v. *Bean,* 285 Mass. 474, 478, 479.

The appeal from the final decree brings before us only the findings of the master.   There was no report of evidence. The master's report was confirmed by an interlocutory decree from which no appeal was taken.   Interlocutory decrees, not appealed from, are reversible in this court on

an appeal from a final decree "so far only as it appears . . . that such final decrees are erroneously affected thereby." G. L. (Ter. Ed.) c. 214, § 27. Since it does not appear that the interlocutory decree confirming the master's report entered in the present case thus affected the final decree, the only question here presented is whether the final decree was proper on the pleadings and the facts found by the master. *Nichols* v. *Kimball*, 272 Mass. 325, 332. *Lamb Knitting Machine Co.* v. *Chicopee Manuf. Co.* 273 Mass. 506, 517. The master found that the intervener did not file a claim within the period of sixty days allowed by statute. G. L. (Ter. Ed.) c. 149, § 29 (St. 1938, c. 361). This was fatal to its recovery.

The interlocutory order denying the intervener's motion for leave to amend its petition, and the final decree dismissing the petition, must be affirmed.

*Ordered accordingly.*