GRACE A. DEACY *vs.* JOHN BERBERIAN & another.

Middlesex.    March 6, 1962. — May 9, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Way,* Private: extent. *Easement. Equity Jurisdiction,* Registered land.
*Superior Court,* Jurisdiction. *Real Property,* Registered land: ease-
ment. *Equity Pleading and Practice,* Appeal; Master: exceptions to
report.

An easement established in 1912 "to pass on foot or with a team over a
[certain described] way" was properly construed as an easement "for all
purposes of ingress and egress common to a way," and did not limit use
of vehicles on the way to teams.   [327–328]

Construction of the scope of an easement established over a strip of reg-
istered land by a decree of the Land Court was within the equity juris-
diction of the Superior Court in a suit to enjoin interference with the
easement.   [328]

An exception to a' master's report based on his exclusion of evidence was
not open in this court on appeal by the excepting party from the final
decree where there was no appeal from an interlocutory decree over-
ruling the exception and confirming the report and the final decree was
not erroneously affected by the master's ruling.   [328–329]

BILL IN EQUITY filed in the Superior Court on November 3,
1960.

The suit was heard on a master's report by *Rose, J.*

*James T. Cassidy, Jr.,* for the defendants.
*John J. Fitzpatrick,* for the plaintiff.

SPIEGEL, J.   This is a bill in equity seeking to enjoin the
defendants from interfering with the rights of the plaintiff
in the use of a twelve foot passageway.   The suit was re-
ferred to a master.   The defendants filed objections to the
master's report which, under Rule 90 of the Superior Court
(1954), are treated as exceptions.   An interlocutory decree
was entered overruling the exceptions and confirming the
master's report.   A final decree favorable to the plaintiff
was entered from which the defendants appealed.

The following is a summary of the pertinent facts as
found by the master.

The plaintiff is the owner of the land and buildings situated directly north of lot 1 as shown on the plan marked I[1] (see page 324), and the defendants are the owners of said lot 1 which includes the area marked B on the aforementioned plan. The area marked B is registered land and the remaining part of lot 1 is unregistered land.

On and prior to January 8, 1912, one Harrie S. Abbot owned lots A and B, as shown on the Land Court plan marked II (see page 325). Delia F. Dwyer, the plaintiff's predecessor in title, owned the land between lots A and B (shown on Plan II). John W. Enright owned land abutting said lots A and B on the west. On January 8, 1912, a decree was entered in the Land Court stating that Enright and Dwyer had "an easement to pass on foot or with a team over a way twelve feet in width . . . along the westerly side of the front lot [lot B]." Thereafter Delia F. Dwyer became the owner of lot 1 as well as the owner of the land immediately north of said lot.

On December 30, 1939, Delia F. Dwyer made a conveyance of said lot 1 to Alice R. Dwyer (now Alice R. White). The deed included the following clause: "so much of said Lot B as is included within the limits of the passageway shown on said plan filed in Registration Book 23, page 277, with Certificate of Title No. 3552 [Plan II] is subject to its use by the owners and occupants for the time being of said Enright land and of said Dwyer land as a right of way on foot and with teams. The grantor also reserves to herself, her heirs and assigns passageway rights for all purposes of a way in the 12-foot passageway on the westerly boundary of said lot 1 as shown on said 'Plan of land in Medford, December 12, 1939, E. L. Palumbo Civil Engineer' [Plan I] to be recorded herewith."

The new certificate of title for the registered portion of lot 1 issued to Alice, in referring to the passageway, stated: "so much of said Lot B as is included within the limits of the passageway as shown on said plan [Plan II], is subject to its use by the owners and occupants for the time being

---

[1] Unless otherwise specifically stated, all references to lots or parcels of land are to Plan I.

of said Enright land and of said Dwyer land as a right of way on foot and with teams.''

On the same date (December 30, 1939) Delia made a conveyance by deed to the plaintiff of ''the land with the buildings thereon numbered 287 and 289 Fellsway West'' (the parcel which the plaintiff now owns). This deed contained the following clause: ''Together with the right to use the passageway 12 feet in width as shown on said plan [Plan I] in common with others entitled thereto.'' By ''two separate instruments'' dated February 6, 1959, Alice R. Dwyer conveyed lot 1 to the defendants.

Certificates of title issued by the Land Court subsequent to the conveyance to Alice R. Dwyer, dated December 30, 1939, ''did not mention'' the passageway rights ''for all purposes of a way'' referred to in that deed.

The plaintiff ''was born in the house at 287 Fellsway West and has lived there all her life. Delia F. Dwyer was her mother. The passageway had existed ever since she can remember and she is now 65 years old. Her memory goes back at least to when she was 16 years old.'' At that time Fern Road (see Plan I) was not in existence and did not come into existence until about 1930. Deliveries were made by team when she was young. Later they were made by automobile and the driver would drive up Fern Road and after the deliveries were made at either or both the houses numbered 287 and 289 he would continue by turning left and going down the passageway to Fellsway West. There was no room for a vehicle to turn in front of the house at 287 as it was too close to the line of lot 1 and if they could not use the passageway they would have to back out to Fern Road.

''[T]owards the end of March, 1959, the defendants started the erection of their service station and put up a barrier close to the boundary line so that the passageway could not be used by the plaintiff or her invitees. The front part of the passageway was hard topped and has been kept open for the use of the abutters on the West. In addition, the defendants permitted their own and other trucks to occupy the upper part of the passageway. When the de-

Deacy *v.* Berberian.

PLAN OF LAND
in
**MEDFORD**
Scale 1" = 40'  December 12, 1939
Middlesex Registry of Deeds So. Dist.
CAMBRIDGE, MASS.
**E.L.Palumbo Civil Engineer**
(Original on file)

Plan Number____4_____of 1940
Rec'd Jan. 3 ___ 1940 at 10 h 6 m A.M.
with_____Deed__
Delia E Dwyer
Grace E Deacy
Recorded Book 6358_____Page 252__
Attest Thomas Leighton Register

fendants closed off the passageway the plaintiff did not say anything to them but she did notify her attorney. . . .

"[N]either the plaintiff [n]or any of her predecessors in title ever abandoned any of their rights to the passageway . . . . [A]s a result of the deed from Delia F. Dwyer to Alice R. Dwyer . . . Delia . . . reserved to herself, her heirs and assigns passageway rights for all purposes of a way which right is now owned by the plaintiff as successor in title to . . . Delia . . . . [T]here was no intent to bring about a merger of the dominant and servient estates when Delia . . . obtained title to Lot 1."

After the present suit was brought, the plaintiff, "in an effort to correct the Land Court records," filed an "Adverse Claim" in the Land Court.

The final decree provides as follows: "1. That the plaintiff, her heirs and assigns, has an easement for all purposes of ingress and egress common to a way in the City of Medford, in said County, over a certain twelve (12) foot passageway running along the Westerly boundary of Lot 1, including the area marked 'B,' as shown on 'Plan of land in Medford, December 12, 1939, E. L. Palumbo Civil Engineer' [Plan I] . . . . 2. That the defendants, their heirs and assigns, be and they hereby are permanently enjoined from, in any way, interfering with the use of the above described way by the plaintiff, her heirs or assigns, or any other person or persons entitled to the use thereof."

The defendants agree that the plaintiff has an easement in the twelve foot passageway but contend that "with respect only to the registered, parcel B, . . . the plaintiff's easement is limited to 'a right of way on foot and with teams.' " They argue that "the final decree should have been entered in accordance with paragraph 15 of the master's report." This paragraph states, "If . . ., as a matter of law, the plaintiff is bound by the wording of the passageway rights as determined by the Land Court which has been followed in successive certificates, my findings as to the rights of the plaintiff in and to the registered portion of Lot 1 are modified to the same extent."

The only question which we need decide is whether the words of the Land Court decree of 1912, "an easement to pass on foot or with a team," and of the certificate of title, "a right of way on foot and with teams," are to be construed as meaning "an easement for all purposes of ingress and egress common to a way."

The defendants rely upon the case of *Clarkin* v. *Duggan,* 292 Mass. 263, involving a deed which contained the following clause: "with the right of way across my land (with teams only) from said road . . . to said premises, it being the usual way of passing on to said premises for the necessary use and management of said premises" (page 264). The court said, at page 266, "The contention of the defendant that the words 'with teams only' include automobiles cannot be sustained. It is plain that an 'automobile' is not a 'team.' To hold otherwise would be to extend the meaning of the word 'teams' beyond what was intended by the parties at the time the easement was granted, and many years before automobiles came into existence."

This court has had occasion to consider the decision in *Clarkin* v. *Duggan, supra,* in subsequent cases involving easements. In *Swensen* v. *Marino,* 306 Mass. 582, 587, the court said, "[t]hree of the five ancient deeds mentioning the right of way refer to passing 'with teams and other ways' or use equivalent words. We should be very slow to hold that even ancient rights of way, not expressly restricted as to the type of vehicle (*Clarkin* v. *Duggan,* 292 Mass. 263), could not be employed at all for means of transportation in common use by a succeeding generation."

The above language was quoted with approval in *Hodgkins* v. *Bianchini,* 323 Mass. 169, 172–173, a case involving an easement created by the following provision of a deed: "[t]ogether with a privilege of a cart road to pass to and from the main street to the said premises." The court there stated at page 173 that the case was "plainly distinguishable from *Clarkin* v. *Duggan,* 292 Mass. 263 . . . . Since in that case the grant of the right of way was 'with teams only' it obviously did not include automobiles."

It is apparent that after the *Swensen* and *Hodgkins*

cases, *Clarkin* v. *Duggan, supra,* has no application to the case at bar.

The defendants contend that the plaintiff's "proper remedy is in the Land Court and not in equity, with respect to the determination of her rights in parcel B." We construe this as an assertion that the Superior Court is precluded by the provisions of the Land Court Act (G. L. c. 185) from interpreting the terms of an easement embodied in a Land Court decree. This contention cannot be sustained.

The purpose of the Land Court Act was to provide a means by which title to land may be made certain and indefeasible. *McMullen* v. *Porch,* 286 Mass. 383, 388. "It must be remembered that [subsequent to the original registration] . . . no one can have a claim which does not appear on the face of the registry. The only rights are registered rights." Holmes, C.J., in *Tyler* v. *Judges of the Court of Registration,* 175 Mass. 71, 81. But see *Killam* v. *March,* 316 Mass. 646, 651. "The purpose of registration law is to bind the land and to quiet title to it. Registration is conclusive upon every one, with a few exceptions . . . , and the rights of innocent purchasers for value are given special protection. . . . Persons dealing with the land in the future may rely on the files at the registry and the interests of no one require changes in the records." *Malaguti* v. *Rosen,* 262 Mass. 555, 567–568.

In the instant case, the existence of the easement is conceded. The only argument is whether the means of transportation which may be used upon the way are to be restricted to those specifically mentioned in the Land Court decree of 1912. We are of opinion that the purposes of the Land Court Act are not violated by the Superior Court interpreting the original decree so as to give effect to a common mode of transportation.

The only exception to the master's report argued by the defendants relates to the exclusion of certain evidence by the master. The defendants have not appealed from the interlocutory decree which overruled the exceptions and confirmed the master's report and, therefore, the question whether the master erred in excluding the evidence is not

before us. *Regan* v. *Tierney,* 306 Mass. 168, 169. *Boston Consol. Gas Co.* v. *Department of Pub. Utils.* 329 Mass. 124, 128. *Haverhill* v. *DiBurro,* 337 Mass. 230, 238.

There was no error.

*Decree affirmed.*