HAROLD W. COPP & another *vs.* EVELYN R. FOSTER. March 28, 1963. Decree affirmed with costs to the defendant. This is an appeal by the plaintiffs from a final decree of the Superior Court in which it was adjudged that the defendant has the "right of way to pass and repass, on foot and by motor vehicles" over a portion of the plaintiffs' land. The decree established limitations to the defendant's use of the right of way and enjoined the plaintiffs from "interfering" with the defendant's use thereof. In their brief the plaintiffs concede that a right of way over their land was created by deeds granted in the year 1900. They contend, however, that the right of way should be "two or three feet" narrower than the twelve feet allowed in the decree and that a small, triangular area of their land was erroneously included in the right of way. There was sufficient evidence to justify the judge's findings as to the width of the right of way, to the length of time the disputed area was used, and that it had become part of the right of way by prescription, if not by grant. The original "right of way over the northwest corner" of the plaintiffs' land was "to pass and repass at all times with teams." There was no error in determining that the right of way should now be open to motor vehicles. *Deacy* v. *Berberian,* 344 Mass. 321, 327–328.

*Henry G. Bowen* for the plaintiffs.

*Arthur L. Eno, Jr.,* for the defendant.


FLORENCE MALKO & another *vs.* BEATRICE FERRANTE & another. March 28, 1963. Decree affirmed. No error is shown in the decree of the Probate Court for Suffolk County which allowed the last will of Edward Esa executed July 6, 1960. Testimony of a handwriting expert as well as the appearance of the will support the view that the testator used two different pens in executing the will and that some of the five sheets of paper on which it is written were of different lots. This evidence and the testimony of the expert of a tremor in the signatures in the margin of two pages, which were written, in her view, with a ball point pen, and also on checks which she used as standards, and that the other signatures on the will did not show this tremor, did not require rejection of the testimony of the three attorneys who were the attesting witnesses. They testified that all the testator's signatures were placed on the will at one time and in their presence. That the witnesses did not recall the use of two pens or recalled that only one was used did not discredit their other testimony. The evidence permitted the conclusion of due execution and we cannot say that the judge was plainly wrong. It was not error to exclude the question to the expert whether she had an opinion "with respect to the composition of this instrument." No subject for expert testimony is suggested by this obscure inquiry. It was not error to permit the proponents to put in evidence copies of two prior wills which the contestants' attorney asked to see, and inspected, and about which the attorney asked questions, in one case before, and in the other case after, inspection.

*Sadie Lipner Shulman* for the contestants.

*Melvin A. Cherwin (George J. Shagory* with him) for the proponents.