Alice STEVENS

v.

**Raymond E. ANDERSON and Gladys M. Anderson.**

Supreme Judicial Court of Maine.

Oct. 31, 1978.

Reagan, Ayer & Adams by Stephen Y. Hodsdon (orally), Wayne T. Adams, Kennebunk, for plaintiff.

Cole & Daughan by Roland A. Cole (orally), Wells, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

The Andersons, appellants here, and the appellee, Alice Stevens, are successors in title to two adjoining parcels of rural land

that once formed a single forty-acre lot owned by one Stuart. In 1915, when Stuart conveyed the westerly parcel to the predecessor of the Andersons, he provided in the conveyance for the following reservation:

> "Reserving to myself my heirs and assigns the right to pass and repass over and across the above described lot of land for cattle teams and foot passengers from the highway on the westerly side of said lot to said pasture of said grantor by the present travelled way." [sic]

Alice Stevens derives from Stuart her title to the easterly parcel of the original forty-acre lot to which the rights created by the reservation are appurtenant.

The Andersons' parcel was in 1915 and still is bounded on the westerly side by a highway. "The present travelled way" in Stuart's 1915 deed referred then and has always referred to a way from the highway, across the Andersons' parcel along the present location of their driveway, to a certain "woods road" leading into the Stevens parcel on the east.

According to Alice Stevens's complaint, the Andersons assert that her easement does not include the right "to use the right of way for ingress and egress by means of vehicular traffic," with a resulting "cloud" on Stevens's title and depreciation of the value of her property. The complaint prays for a judgment declaring that Stevens owns an easement for ingress and egress "by means of vehicular traffic" either as a result of the reservation in the 1915 deed or as an easement by necessity or both.

The matter was heard in Superior Court, apparently on the agreed facts stated above. The presiding justice deemed the sole issue to be whether the easement "authorizes" or "permits" the use of motor vehicles by plaintiff-appellee over the right of way. After ruling that there was no right of way by necessity, the trial court found as follows and declared its judgment for the plaintiff accordingly:

> "Considering the fact that there was no other access to the reserved lot in 1915 from a public highway and which is still the situation, and considering the phrase was still idiomatic in 1915 of a plenary description of all modes of common travel, the Court finds that the present meaning of the phrase is:
>
> > 'for cattle, teams, including motor vehicles, and foot passengers.' *Bragdon v. Kellogg,* 118 Maine 42 [105 A. 433]."

We agree with the trial court that the phrase "for cattle, teams and foot passengers" should not be construed in itself to exclude motor vehicles. Though motor vehicles were becoming rapidly more common in 1915 as a means of private transportation, they had not yet become so prevalent in rural areas that we can infer their exclusion in this case from the fact that they were not expressly mentioned in the language of the reservation in Stuart's deed. Similar language was still routinely used by many conveyancers to refer to all modes of private transportation normal at the time. *See Copp v. Foster,* 345 Mass. 777, 189 N.E.2d 521 (1963); *Deacy v. Berberian,* 344 Mass. 321, 182 N.E.2d 514 (1962). Such an interpretation is consistent with our construction of the word "team" in the Maine law of the road, *Bragdon v. Kellogg,* 118 Me. 42, 105 A. 433 (1919), and with the line of cases holding that the use of an automobile over a right of way granted by deed for vehicular traffic when horse-drawn vehicles were customary does not *per se* overburden the servient estate. *Matteodo v. Capaldi,* 48 R.I. 312, 138 A. 38 (1927); see Annot., 53 A.L.R. 553 (1928).

The record does not show that any facts were presented to the trial justice regarding the purpose or extent of appellee's intended use of the right of way, and the justice had no occasion to consider any question relating to the extent of the easement beyond the narrow one addressed in his opinion. Thus, his judgment, declaring that "teams" includes motor vehicles, must be understood to declare merely that use of a vehicle for access to the easterly parcel does not exceed the scope of the reserved easement merely because the vehicle is motor-driven.

The entry is:

Appeal denied.

Judgment affirmed.

ARCHIBALD, J., did not sit.