Charles R. Jannino
Clerk, Appellate Division
John P. Forte, Justice
James B. Tiffany, Justice
Richard L. Banks, Justice

**NONANTUM LUMBER COMPANY**
**V.**
**Albert R. DEPAMPHILIS**

**No. 8656**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**June 17, 1981**

John F. Corbett, counsel for plaintiff
Robert Rothberg, counsel for defendant

## OPINION

BANKS, J. This is a petition to establish the defendant's draft report which was "denied" by the trial court.

The petition, attached draft report and docket entries indicate the following: The plaintiff commenced this action in contract on March 7, 1979. The defendant's answer was filed on April 4, 1979.

On January 28, 1980 the defendant submitted a motion for leave to file a counterclaim for punitive damages and attorneys' fees pursuant to G.L.c.93A for the plaintiff's alleged unfair and deceptive acts and practices. Said motion was denied by the court on February 11, 1980.

The defendant thereafter filed a draft report challenging the court's denial of the defendant's motion to amend his answer. On April 2, 1980 the court denied the defendant's request for a report, and the defendant subsequently initiated the instant petition to establish.

The "denial" of a request for a report is tantamount to the dismissal of a draft report and should be treated accordingly. Hart v. Keoveney, Mass. App. Div. Adv. Sh. (1980), Lowe v. Brownville, 56 Mass. App. Dec. 155, 157 (1975). It is elementary that the proper and exclusive remedy for the dismissal of the draft report is a request for a report and a draft report challenging said order of dismissal. Dist./Mun. Cts. R. Civ. P. 64(c)(6); Gallagher v. Atkins, 305 Mass. 261, 264-265 (1940); Meola Construction Co. v. Ace Bldg. Supply Co., Mass. App. Div. Adv. Sh. (1978) 466, 467; Lane v. Smith, 57 Mass. App. Dec. 27, 28 (1975). As the court's order herein constituted a dismissal of the defendant's draft report, the defendant's petition to establish must be denied as there is presently no report on file in the trial court which could be established by this Division. Comfort Air Systems v. Cacopardo, 370 Mass. 255, 258 (1976); Farrar v. Hupper, 59 Mass. App. Dec. 91, 92 (1976).

## II.     REPORT ·OF AN INTERLOCUTORY ORDER.

A proper election by the defendant to proceed by way of a draft report rather than a petition to establish would nevertheless have not entitled the defendant to the appellate review he now

seeks. The lower court's denial of the defendant's motion to amend his answer to incorporate a G.L.c. 93A counterclaim constituted an interlocutory order, **Jacoby v. Babcock Artificial Kidney Center, Inc.**, 364 Mass. 561, 565, n.2 (1974); **Medlinsky v. Premium Cut Beef Co.**, 317 Mass. 25, 29 (1944); **Sweeney v. Home Owners' Loan Corp.**, 307 Mass. 165, 166 (1940); **Regan v. Tierney** 306 Mass. 168, 169 (1940); **Frank J. Linhares Co. v. Reliance Ins. Co.**, 4 Mass. App. Ct. 617, 623 (1976), from which no appeal may be ordinarily taken until the case is otherwise ripe for judgment. See generally, **Pollack v. Kelly**, 372 Mass. 469, 471 (1977); **Rollins Environmental Services Inc. v. Superior Court**, 368 Mass. 174, 177-179 (1975); **Albano v. Jordan Marsh Co.**, 367 Mass. 651, 654-655 (1975).

An interlocutory order will be reviewed by this Division only with the consent of or upon a voluntary report by the trial justice. **Fred C. Church & Co. v. Pacy**, 46 Mass. App. Dec. 13, 14 (1970); **Kolodney v. Khory**, 38 Mass. App. Dec. 226, 229-230 (1966); **Microsonics Inc. v. Comrex Corp.**, 39 Mass. App. Dec. 229, 231 (1968); **Patrick v. Mikolaitis**, 22 Mass. App. Dec. 167, 168 (1961). The denial of the defendant's draft report herein was a proper exercise of the trial justice's G.L. c. 231, s. 108 and Dist./Mun. Cts. R. Civ. P. 64(d) prerogative to refuse to sanction the defendant's attempt to secure piecemeal appellate review. **Hart v. Keoveney, supra; Murray v. Board of Health of Watertown**, Mass. App. Div. Adv. Sh. (1979). The defendant's petition to establish is therefor denied.

The defendant has misconceived his remedy and erroneously instituted a petition to establish a draft report which was dismissed by the lower court. Moreover, said order of dismissal was without error as the defendant is not entitled to a review by this Division of an interlocutory order. Accordingly, the defendant's petition is denied.

Elliott T. Cowdry, P.J. Justice
James Tiffany, J. Justice
Richard L. Banks, J. Justice