Lenhoff, J.
The subject action was instituted by the plaintiffs seeking damages from the defendants for their failure to pay a promissory note in • accordance with its terms.
The defendants’ arfswer denied owing anything and it included affirmative. defenses asserting mutual mistake, failure to condition precedent, impossibility of performance, fraud in the inducement; and justification. Therein was also set forth the following three (3) counterclaim counts: (1) misrepresentations, made by the plaintiffs to the defendants, (2) unfair and deceptive practices as: per M.G.L. C.93A; and (3) breach of contract.
The aforestated counts in counterclaim were denied by the plaintif fs. After trial, the parties seasonably filed requests for rulings. Thereafter, the . Trial Court found for the plaintiffs on-the promissory note in the sum of $30,000.00 with interest and costs; for the plaintiffs (defendants in counterclaim) on counts 1 and 2 of the defendants’ counterclaim; and, for the defendants’ (plaintiffs in counterclaim) on count 3 thereof, assessing damages in the sum of $6,000.00, with interest and costs.
Subsequent to the rendered judgment, the defendants caused these proceedings to be reported to this Division for determination, being aggrieved by the Trial Court’s findings of fact and the rulings on the plaintiffs’ requests 11,12,13,14,15,16,21,22 and 23; and its rulings as to defendants’requests 3, ■ 4/6,7,8,9,10,11,12,13,17,18,19,20,21,22,23,25,26,27,28,29,30,31,32,33, 35,36,37,38,39,41,42,43,44,46,47,49,53,56,57,58,59,60,61,62,65,66,67, 68, 70, 71, 72, 73, 74, 75 and 76.
The evidence tended to show that defendant, D. William Ence, agreed to purchase the woodworking business of producing finished cabinets from the plaintiff, Henry P. Abdow; that said business had total income of approximately $100,000.00 in a previous year and could have total income of $150,000.00 with about 35% thereof remaining for debt service and personal income; that said plaintiff was selling due to advice of his doctor and family; that an agreement in writing was executed by and between the parties on *94 ■ October 4,1982 setting forth therein that the defendant buyer was to arrange ■ the negotiation of a new lease with the owner of the premises where the business was situate and that said negotiated lease was to be effective • October 1,1982; that a $2,500.00 binder was paid that was not refundable and ¡would be considered as liquidated damages in the event the buyer failed to • purchase the business; that an additional $17,500.00 was to be paid to be j added to the binder which together comprised the entire downpayment of ¡$20,000.00; that the balance of $30,000.00 due on the $50,000.00 total ' purchase price was payable by a promissory note in said sum of $30,000.00; that the plaintiff seller was to remain with the plaintiff buyer in a training and advisory capacity for a six (6) month period; and, to be paid $5.00 per hour for his services; that the defendant buyer would have certain options in the event the plaintiff seller died during the ensuing six (6) month period. Further, the evidence disclosed there was no stated closing date in the agreement; that the plaintiff, Henry P. Abdow remained with the defendants until December 11,1982; that the defendants did not obtain a written lease of the involved premises; that there was no bill of sale or document transferring title of the business other than the aforestated purchase and sale agreement; and, that the defendants were presented financing statements which they never signed.
The Trial Court rendered Findings of Fact, including most of the herein-before stated evidence/To be added thereto from said findings are the following: the defendants were not represented by an attorney, had no accountant to check tax returns or business records, they did not ask to see any books or recoreds, they took actual possession of the business and occupied the premises where it was located on October 4,1982 and they hired employees. Also, the landlord did not sign a lease prepared at the direction of the defendants nor did the defendants sign a lease prepared by the owner. The defendants paid the monthly rental recited in each lease for the months of October, November and December, 1982. The plaintiff, Henry P. Abdow worked for the defendants until December 11,1982, leaving as ordered by his doctor to discontinue activity. The defendant, D. William Ence worked part-time at his cabinet business and part-time for a law book publishing company whose employment he left on December 31, 1982. The defendants had changed the name of the business and they closed it on December 22,1982, giving the key to the premises to the manager of the premises. They did not notify the plaintiffs that they had closed the business. After closing the business, the defendants removed all the property of the business and retained it.
The Trial Court’s findings of fact reveal that if found that the plaintiffs did not misrepresent the gross income of the business nor any other material fact relating thereto; that on October 4, 1982 after the Purchase and Sale Agreement had been executed by the parties and the full purchase price had been paid, the sale of the business was consummated and completed; that there was no Chapter 93A violation by the plaintiff; and, that the defendants had made no payment to the plaintiffs on the promissory note they signéd.
. The defendants claim they are aggrieved by the Trial Court’s rulings on 11 of the plaintiffs’ 23 submitted request; and, on 57 rulings of the 76 requests they filed.
Generally, a Trial Court’s findings of fact are not reviewable. MacDonald v. Adamian, 294 Mass. 187, 190 (1936). Such findings remain intact and are not to be revised unless it is shown that the Trial Court was plainly wrong. Trovato v. Walsh, 363 Mass. 533. 535 (1973)._A finding of fact is not a proper *95 subject for review by this Division unless same is set forth in a request for a ■ruling of law seeking to determine whether a general or ultimate finding-based on subsidiary facts is either warranted or required by the facts found. See Soutier v. Kaplow, 330 Mass. 448, 450 (1953). Additionally, if there be an appropriate request this Appellate Division has the sole task of ascertaining whether on the evidence with all rational inferences drawn therefrom, the Trial Court’s finding can be sustained. Barttro v. Watertown Square Theatre, Inc., 309 Mass. 223, 224 (1941). If the record discloses evidence to support the •findings, they become conclusive and cannot be disturbed. Hart v. McCann, 360 Mass. 507 (1971). Moss v. Old Colony Trust Company, 246 Mass. 139, 143, 144 (1923).
Concerning the number of requests presented to a Trial Court, we point out that said Court possesses the power and authority to limit issues where excessive requests are filed by ordering that such requests be refashioned and reduced in number before it passes on them. Commercial Credit Corp. v. Stan Cross Buick, Inc. 343 Mass. 622, 626 (1962). Also see Stella v. Curtis, 348 Mass. 458, 460 (1965) and Hogan v. Coleman, 326 Mass. 770, 772, 773 (1951). However, notwithstanding the Trial Court’s oversight of the preferred procedure in this respect by accepting the defendant’s 76 requests, we take no action of a rectifying nature and we proceed to consider all to reach our eventual determination. We do so regardless of the general proposition as noted in Lynn v. Nashawaty, 12 Mass. App. Ct. 310, 315 (1981) that where Trial Court’s findings are made pursuant to Civ. P. Rule 52(a) showing the . thought process leading to decision being fully articulated, requests for rulings are superfluous. Also, see Petition of New Bedford Child & Family Service to Dispense with Consent to Adoption, 385 Mass. 482, 491 (1982). We do, however, take cognizance that if the Trial Court erroneously rules that the evidence does not warrant a finding for the losing party, reversal may be in order unless in some way it is made clear that the finding for the prevailing party is independent of the erroneous ruling of law. DiGesse v. Columbia Pontiac Co., 369 Mass. 99,106 (1975).
Considering the defendants’ grievance relating to 9 of the plaintiffs requests, we find all were allowed. With the exception of plaintiffs’ request 23, the Trial Court’s findings demonstrated that their disposition was proper. Request 23 reads, “On all the evidence a finding for the defendants is not warranted.” As the Trial Court did find for the defendants on count 3 of their counterclaim; there is error[3] present. Nevertheless, it is obvious that such error is not prejudicial in the light of the favorable decision for the defendants. Also, same is consistent with the other findings made by the Trial Court.
•The defendants indicate they are aggrieved by the Trial Court’s rulings on 57 of the 76 requests they submitted. Of said 57 requests, the Trial Court allowed 45 requests and denied the balance of 12 requests. Because the allowed requests, in the light of the Trial Court’s findings, is held by this tribunal to have been dealt with correctly, we turn our attention to the remaining 12 denied requests.
Denied requests 4,7,9,10 and 13 relate to the following language appearing in the purchase and sale agreement...
... it is incumbent upon the Buyer to arrange to negotiate a new lease with the Landlord for the premises that the Buyer will intend to- *96 occupy. The said lease must become effective by October 1,1982 at which time the Seller’s use and occupancy of the premises will have terminated.
There is no question that contracting parties can intentionally relinquish a' known right called a “waiver” Wedgwood v. Eastern Commercial Travelers Accident Association, 308 Mass. 463, 467 (1941). Parties can change or alter an agreement and “substitute a new oral contract by conduct and intimation,, as well as by express words.” Bartlett v. Stanchfield, 148 Mass. 394, 395 (1889). A purported agreement, executed or unexecuted, can be altered or. modified by attendant circumstances and conduct of the parties, actual or inferred. See A. Leo Nash Steel Corp. v. Southern New England Steel Erection Co., Inc., 9 Mass. App. Ct. 377, 383 (1980). And, the waiver of a contract provision is a question of fact for the Trial Court to determine. Hayeck Building & Realty Co., Inc. v. Turcotte, 361 Mass. 785, 790 (1972). Contracting, parties always possess the ability to orally waive or vary the terms of their contract, including contracts that contain a provision therein requiring, modification to be made in writing. J.P. Smith Co., Inc. v. Wexler Construction Co., Inc., 353 Mass. 551, 555 (1968). M.L. Shalloo, Inc. v. Ricciardi & Sons Construction Inc., 348 Mass. 682, 685 (1965).
The foregoing quoted verbiage in the purchase and sale agreement states the effective date is October 1, 1982. However, it was actually executed on October 4, 1982 and that date was inserted therein. Such action indicates that the parties, by their conduct, altered or changed their agreement making the stated effective date of no moment. Along with these circumstances, there was a clear intent by the parties to proceed with the other provisions of their agreement. Hence, the Trial Court correctly denied requests 4,7,9,10 and 13 all of which presupposes a condition precedent that, in actuality, no longer existed.
• Defendants’ requests 29, 30, 31, 32 and 33 relate to evidence requiring findings pursuant to M.G.L. c. 106, §§ 6-104, 105, 107. (Bulk Transfers). All these requests were rightly denied by the Trial Court for their materiality or applicability to the matters in litigation were not present.
Defendants’ request 44 states “The evidence warrants a finding that Abdow was not present for the required six month period.” Though denied, the Trial Court actually did find same to be a fact. Consequently, the error was harmless and not prejudicial for the defendants prevailed on count 3 of their counterclaim wherein a breach was alleged.
Defendants’ request 53 relative to who prepared the purchase and sale agreement was rendered immaterial and inapplicable by the Trial Court’s . findings. Therefore, such denial was in order.
Finally, regarding request 65 concerning the defendants forfeiting $2,500.00 should they not complete the subject transaction, we hold that they paid the full consideration and completed the purchase which was consummated on' October 4,1982. It follows that this request had no application in this matter and its denial was appropriate.
To round out our consideration of the case at bar, we hold the Trial Court’s disposition of counts 1 (misrepresentations) and 2 (Violation of M.G.L. C.93A), are borne out of the facts found. We discern no evidence establishing fraud by misrepresentation of material facts. Language that was displayed by the selling plaintiff as to gross income in a previous year was not shown to be inaccurate or incorrect by facts to the contrary. No facts were disclosed illustrating the falsity of the language or statement in issue. Also, it is unclear as to what was meant or intended by the seller plaintiffs’ remark that income *97 'could be $160,000.00. Evidence that is left in an uncertain, indefinite, imprecise, ambiguous or equivocal state engenders no liability in tort. Sandler v. Elliot, 335 Mass. 576, 590, 591 (1957). Warren H. Bennett, Inc. v. Charlestown Savings Bank, 3 Mass. App. Ct. 753 (1975).
The Trial Court was to determine the facts which it did; and, same cannot be disturbed.
Having thus disposed of all the defendants’ grievances and there being no prejudicial error found, the report be and is hereby dismissed.

 The error ascribed is in a practical sense; for in a technical, legal sense, the Trial Court undoubtedly denied this request by reason of failure to comply with Dist./Mun. Cts. R. Civ. P. Rule 64(b) that requires specifying grounds when basing a request “on all the evidence.”