Dolan, J.
This is an action brought under G.L. c. 93A in which the plaintiff seeks to recover multiple damages from the defendants because of alleged unfair or deceptive practices by defendants in the sale of a motor vehicle to plaintiff. The court found for the plaintiff against the corporate defendant and awarded damages in the amount of $9,200, plus attorney’s fees in the amount of $8,500. The court found for the individual defendants.
Defendant corporation filed a request for a report and a draft report. The court dismissed defendant’s draft report for the reason that defendant failed to preserve any question of law for appeal by failing to file any requests for rulings of law. From the action of the court dismissing its draft report, defendant filed a request for a report and a draft report challenging that order of dismissal. Nonantum Lumber Company v. Depamphilis, 1981 Mass. App. Div. 126. We rule that the court was in error in dismissing defendant’s draft report.
Defendant did not file any requests for rulings of law prior to oral argument. Ordinarily, when there are no requests for rulings of law filed, a trial judge will make a general finding, without explanation. Because claims of report lie only to questions of law, where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented for appellate review. Muir Brothers Co. v. Sawyer Construction Co., 328 Mass. 413, 415 (1952).
In certain departments of the trial court, ajudge in each case tried without a jury is required to make written findings of fact and to state separately his conclusions of law thereon. When ajudge in those departments complies with Mass. R. Civ. P., Rule 52 (a), the thought process which led to his decision is fully articulated and requests for rulings of law are superfluous. Lynn v. Nashawaty, 12 Mass. App. Ct. 310, 315 (1981).
Dist./Mun. Cts. R. Civ. P., Rule 52 (a) authorizes, but does not require, ajudge in the district court department of the trial cóurt to make written findings of fact and conclusions of law. If ajudge voluntarily finds the facts and states conclusions of law so that his thought process is fully articulated, requests for rulings of law are as superfluous in a civil case tried in the district court *166 department as in a department of the trial court where written findings and rulings are required. Abdow v. Ence, 1986 Mass. App. Div. 93, 95.
In this case, the court voluntarily made written findings of fact and rulings of law. The defendant claims to be aggrieved by the court’s ruling that “Exhibit 10 was sufficient to invoke Chapter 93A and served as a demand letter in the meaning of Chapter 93A, Section 9(3).” The findings of fact and rulings of law of the court adequately addressed that issue for the purpose of appellate review.
The order dismissing defendant’s draft report is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.