Banks, J.
This is a petition to establish the defendants’ draft report which was disallowed by the trial justice. Said draft was filed to challenge the court’s order of dismissal of the defendants’ initial draft report which pertained to the case on the merits.
This action was instituted by the plaintiffs as buyers to recover a $9,000.00 deposit paid pursuant to the parties’ agreement for the purchase and sale of the defendants’ real estate. The plaintiffs had sought to terminate said agreement in accordance with a financing contingency addendum which permitted the plaintiff-buyers to withdraw and to recover all deposits if they proved unable, despite diligent efforts, to secure a mortgage commitment. Neither party submitted Dist./Mun. Cts. R. Civ. P., Rule 64(b) requests for rulings of law. The trial justice, although not required to do so, filed an extensive memorandum of decision which included findings that the plaintiffs had made diligent and reasonable efforts to obtain the necessary financing, and that by reason of their failure to obtain financing were entitled to terminate the agreement. Judgment, accordingly, was entered for the plaintiffs on September 17,1986.
*123 Following this finding of the trial court for the plaintiffs, the defendants filed a document captioned “Petition to Establish Draft Report (Civil).” In' this “petition,” the defendants set forth various propositions of law and claimed to be aggrieved by the trial judge’s rulings with regard to them. In fact, no requests for rulings had.been filed with the trial court by either party and there is nothing to support the defendants’ claim that the issues now sought to be raised were before the court. Even more to the point is the absence of any particular rulings of law by the trial judge to which this Division might address itself. In this state of affairs, the trial judge disallowed the defendants’ draft . report for the stated reason that no requests for rulings were filed.
The defendants are now before this Division upon two subsequent petitions to establish draft reports which were disallowed by the trial court for “failing to state the issue raised by defendants with respect to the dismissal of their original petition, that is, their failure to file a request for ruling of law.” In neither of those drafts do the defendants raise directly the propriety of the disallowance of the initial draft report for the reason that no requests for rulings had been filed. Rather, the petitions seek to excuse that failure or to obviate the necessity for the filing of requests for rulings of law to frame the legal issues for appellate review. In the second of those drafts, the defendants explicitly admit that no requests for rulings of law were filed, but proceed by way of argument to assert that the detailed memorandum of facts filed by the trial judge with his decision creates a sufficient record for appellate review.
There can be no question that the petitions were properly dismissed for failing to raise directly the rather narrow issue of whether the original draft ■ report did or did not comport with the truth in alleging requests for rulings of law which admittedly were never filed. It should be noted that the defendants’ , claim of appeal must also fail for reasons going beyond their inaccurate ; representation that requests for rulings had been filed. The fundamental difficulty with the defendants’ effort to achieve appellate review is not per se the failure to file requests for rulings but the absence of any clear indication of . the law applied by the trial court which might be reviewed.
An appeal may be premised only on an issue of law reasonably clear-cut and unadulterated by the surrounding facts which was raised in the trial court and . properly preserved for review. The primary mechanism for raising ah issue of law is a Dist./Mun. Cts. R. Civ. P., Rule 64 (b) request for ruling; the trial court’s disposition of such requests indicates whether the correct law was applied in a ' given case. This is the reason that virtually no case may be reviewed without '• such request. An exception to this general rule may exist where that function of requests for rulings of law has been supplied by a memorandum or other ; statement of the court which makes requests for rulings of law, in a sense, ’ superfluous. See Mackenzie v. Auto Supermart, Inc., 1986 Mass. App. Div. 165, . wherein the trial judge set forth voluntarily the principles of law on which he relied.
As the case indicates, however, the very rationale for the requirement of requests for rulings of law is the fact that every decision involves a mixture of facts found and law applied by the trial judge. If the trial court is silent as to how it has reached its result, no appellate process can normally hope to pierce the hidden thought processes of the trialjudge to determine whether an error of law has critically affected the decision. Hence the use of requests for rulings is to expose for appellate examination for the principles of law which the trial judge applied in the case unless there is an adequate substitute for requests made and acted upon.
Neither the circumstances in the present case, nor the memorandum of the *124 trial judge in this case lends itself to the application of the considerations present in the Mackenzie case. In the Mackenzie case, the issue appears to ■ have been whether a particular document met the standards necessary to invoke the provisions of G.L. c. 93A, clearly a question involving a prominent and critical element of law in its determination. Moreover, the court in that case distinguished in its voluntary statement its findings of fact and rulings of law.
In the instant case, no significant questions of law were presented and the trial court dealt with the case as one to be decided on the facts, setting aside no specific rulings of law. The defendants concede that the only issues in the case ! were whether the plaintiffs had been diligent in seeking a financing commit- • ment and whether a “conditional commitment” of which the plaintiffs were unable to take advantage satisfied the agreement between the parties. The trial court, in its memorandum, set forth its findings of fact and its opinion, based on those facts, that the plaintiffs were never able to obtain a commitment as contemplated by the parties and that their failure to do so was not due to a lack of diligence under the circumstances. There is nothing in this voluntary statement of the trial court which presents a discernible, critical question of law which might properly invite appellate review.
Petition denied.