Teahan, J.
This is an action in contract and deceit arising out of the purchase of a used bulldozer. A finding was entered for the plaintiff on Count I alleging breach of contract and damages of $4,500 were ordered. From this finding the defendant-appellant seeks review. The plaintiff seeks review of the finding for the defendant on Count II brought under M.G.L.c. 231, §85J.

Review Under Dist./Mun. Cts. R. Civ. R, Rule 64

The report in this case in format differs significantly from the requirements of Rule 64(c) (2) of Dist./Mun. Cts. R. Civ. P. and Form 33 of those rules. From the attachments to the report it appears the defendant filed 14 requests captioned “requests for rulings of law.” All were ordered denied in a “memorandum of decision” by the trial court which is further attached in its entirety and consists of extensive findings of fact and conclusions of law. The requests were denied as “mixed requests of fact and law.” The report fails to indicate under Rule 64(c) (2) the individual rulings upon which the appellant claims to be prejudiced.
Two areas were addressed with the requests for rulings. The first area involves the legal significance of a purported bill of sale, including a disclaimer of warranties, and the second area covered the defendant’s status as a “merchant” as defined under the U.C.C. at M.G.L.c. 106, §2-104(1) and at §2-314(1) (the implied warranty of merchantability). Both areas were resolved by findings of fact that the alleged bill of sale with contents was not part of the parties’ agreement and that the defendant was not a merchant. All requests included under the areas briefed by the appellant (all but requests 6, 12 and 14) were resolved by written findings of fact and were properly denied as “mixed” requests or resolved factually by the trial court. The remaining three requests are in areas not briefed and therefore are not passed upon. Rule 64(f).
No legal error exists in denying the defendant’s requests in toto.
The plaintiff has no right to appeal under a Rule 64 analysis having failed to file any request for rulings of law under Rule 64 (b).

Review Under Dist./Mun. Cts. R. Civ. E, Rule 52(a)

A) In this case the plaintiff seeks a review of the trial court’s finding for the defendant on Count II, a claim under M.G.L.c. 231, §85J. The plaintiff failed to file any requests for rulings of law. Where a District Court trial judge makes optional findings of fact and conclusions of law, they are reviewable under Rule 52(a) independent of failure to file requests for rulings of law provided the aggrieved party claims a report under Rule 64(c)(1). MacKenzie v. Auto Supermart, Inc., 1986 Mass. App. Div. 165. Without needing to determine the merits of plaintiff’s claim, it is apparent from the trial court’s findings that an inconsistency may exist. The *189 operable statute provides that whoever sells personal properly by deceit or fraud shall be liable in tort to a purchaser in treble the amount of damages sustained. M.G.L.c. 231, §85J. In its “memorandum of decision” the trial court found that on Count II the plaintiff had “established facts sufficient to meet his burden” after the court properly enumerated the elements of deceit. Notwithstanding findings of fact which support that conclusion, a judgment was inexplicably entered on that count for the defendant.
B) The defendant’s claim of a report on the judgment entered on Count I is independently reviewed under Rule 52(a) notwithstanding infirmities discussed under Rule 64.
From the combined report and appended findings of fact the following is summarized:
(1) the plaintiff, a bulldozer operator and construction worker, met the defendant in March 1989 to discuss a used bulldozer the defendant was offering for sale;
(2) upon specific inquiry the defendant stated it took the bulldozer about 3 - 4 hours to dig an “average” cellar hole;
(3) within the limits of defendant’s yard the plaintiff drove the equipment;
(4) asked if the bulldozer ever dug a cellar hole the defendant responded that the machine was “ready to go”;
(5) plaintiff agreed to buy the bulldozer for $4,500;
(6) after paying defendant by bank check the plaintiff brought a trailer to defendant’s property to load the purchase and was given a paper stating “sold one 1972 Case 1000 shovel dozer shown as seen for the sum of $4500 to Ralph Rocheleau”;
(7) the bulldozer lacked the power on the day of purchase to load itself on the trailer and had to be “blocked”;
(8) the machine couldn’t push dirt and its tracks came off;
(9) the machine couldn’t lift a full bucket of dirt, its capacity being determined to be 1/2 yard of dirt;
(10) the machine leaked and sprayed oil when in operation.
Defendant asserts that the trial court erred in finding under these facts that an implied warranty of fitness for a particular purpose was breached by the defendants actions. It is clear in Massachusetts that such a finding is largely a factual determination. The application test under M.G.L.c. 106, §2-315 for determining existence of such a warranty requires the plaintiff to prove:
(1) that the seller had reason to know of the particular purpose to which the buyer intended to put the equipment;
(2) that the seller had reason to know that the buyer would rely on the seller’s skill or judgment in selling suitable equipment;
(3) that the buyer did, in fact, rely on the seller’s skill and judgment. Fernandes v. Union Bookbinding Co., Ionics, Inc., 400 Mass. 27, 34 (1987).
The factual findings clearly support the conclusion of law. Here there was ample evidence to support the finding that the defendant had reason to know that the plaintiff intended to use the bulldozer to dig cellar holes and that by stating that this particular piece of equipment could dig an average cellar hole in 3 - 4 hours that the plaintiff would rely on defendant’s representations.
As to the purported bill of sale, the trial court was clearly within its discretion to determine on the evidence presented that the disclaimer contained was not the agreement of the parties but an attempt to limit liability tendered for the first time after the defendant received the consideration by bank check.
As to Count II of this matter, judgment is entered in the amount of $13,500.00 (treble the amount awarded in Count I).
The defendant’s report as reviewed under both Rule 64 and 52 is ordered dismissed.